UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN DAYTON, | : |
|    Plaintiff | :   CIVIL ACTION NO. 3:20-1833 |
| v. | :   (JUDGE MANNION) |
| THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, AUTOMOBILE INSURANCE COMPANY OF HARTFORD and THE TRAVELERS COMPANIES, INC., | : : : |
|    Defendant | : |

## **MEMORANDUM**

Before the court is plaintiff Alan Dayton's motion to remand (Doc. 8) and defendant The Automobile Insurance Company of Hartford, Connecticut, Automobile Insurance Company of Hartford and The Travelers Companies, Inc.'s[1] ("Travelers") partial motion to dismiss (Doc. 3) plaintiff's

---

[1] Defendant alleges its name as stated in plaintiff's complaint is incorrect and should be corrected to "The Automobile Insurance Company of Hartford, Connecticut." (Doc. 14 at 1). As neither of the parties to this case has filed a motion to amend the defendant's name, this court refrains making such an amendment at this time.

bad faith claims in Counts II and III[2] of plaintiff's complaint. (Doc. 1-8 at ¶¶34-47). For the reasons provided herein, the court will deny plaintiff's motion to remand and grant defendant's partial motion to dismiss.

I.   **Background**

On August 11, 2016, plaintiff was injured when a car driven by Jamie Sharp allegedly collided with plaintiff's vehicle. (Doc. 1-8 at ¶4). On the date of this accident, plaintiff owned a motor vehicle insurance policy through defendant ("Travelers policy"). *Id*. at ¶5. Plaintiff claims that his injuries exceeded the liability limits of the tortfeasor's liability policy and is entitled to UIM benefits under his Travelers policy. *Id*. at ¶7. He submitted an UIM claim, alleging Sharp's vehicle was an underinsured motor vehicle. *Id*. On June 14, 2018, defendant denied plaintiff's claim for UIM benefits based on the following "regular use exclusion" under the Travelers policy:

Exclusions
B. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "bodily injury sustained":

---

[2] The court notes that the plaintiff's complaint mislabels counts as "Count I," "Count 11," and "Count II." (Doc. 1-8 at 5,9). In the interest of clarity, the court refers to "Count 11" as stated in plaintiff's complaint as Count II, and "Count II" in plaintiff's complaint as Count III.

> 1. By you while "occupying" or when struck by, any motor vehicle you own or that is furnished or available for your regular use which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

*Id*. at ¶8; (Doc. 15-3 at 2).

Plaintiff contends that the Travelers policy's "regular use exclusion" is unenforceable because it violates the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). 75 Pa.C.S. §1731; (Doc. 9 at 2).

On July 15, 2020, plaintiff commenced this action by filing his complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, asserting claims for declaratory relief (Count I), breach of contract and common law bad faith (Count II), and statutory bad faith (Count III). (Doc. 1-8). Defendant on October 7, 2020 removed the action to this court. (Doc. 1). Subsequently, defendant filed the instant partial motion to dismiss on October 14, 2020 (Doc. 3) and a brief in support of the partial motion to dismiss on October 28, 2020 (Doc. 6). Plaintiff responded with a brief in opposition on November 11, 2020 (Doc. 13) and defendant filed a reply brief on November 25, 2020 (Doc. 17).

Additionally, on November 4, 2020, plaintiff filed a motion to remand and a brief in support of the motion. (Docs. 8-9). Defendant thereafter filed a

- 3 -

brief in opposition on November 18, 2020 (Doc. 14) and plaintiff filed a reply brief on November 25, 2020 (Doc. 17). Defendant's motion to dismiss and plaintiff's motion to remand has each been fully briefed and is ripe for discussion.

## II. Discussion

### a. Plaintiff's motion to remand

Plaintiff seeks declaratory relief pursuant to state law. Under the Declaratory Judgment Act ("DJA"), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party...." 28 U.S.C. §2201. While a district court may exercise its jurisdiction of a case pursuant to the DJA, it is not required to do so. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Federal courts have substantial discretion in deciding whether to exercise jurisdiction, and such discretion is bounded and reviewable. *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014).

In determining whether to exercise federal jurisdiction pursuant to the DJA, "[t]he Supreme Court and [the Third] Circuit have long noted the importance of pending parallel state proceedings as a consideration." *Reifer*, 751 F.3d at 143. The absence of a parallel state proceeding creates a

rebuttable presumption in favor of exercising jurisdiction. *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 226 (3d Cir. 2017). Where there is no pending parallel state proceeding, "[d]istrict courts declining jurisdiction should be rigorous in ensuring themselves that the lack of pending parallel state proceedings is outweighed by opposing factors." *Reifer*, 751 F.3d at 144. In *Reifer*, the Third Circuit identified several factors the court should meaningfully consider to when deciding whether to award declaratory relief:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation;

(4) the availability and relative convenience of other remedies;

(5) a general policy of restraint when the same issues are pending in a state court;

(6) avoidance of duplicative litigation;

(7) prevention of the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata*; and

(8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer*, 751 F.3d at 146. The eight factors described in *Reifer*, however, is not an exhaustive list. *Id*. Notably, a federal court should be hesitant "in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 135 (3d Cir. 2000). "[D]istrict courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." *Id*.

As an initial matter, "[d]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states [.]" 28 U.S.C. §1332. Here, the plaintiff is a citizen of Pennsylvania and the defendant is both incorporated and has its principal place of business in Connecticut. (Doc. 1; Doc. 1-6). Plaintiff seeks to recover damages in excess of $75,000. (Doc 1-8 at ¶33). Accordingly, this court may exercise diversity jurisdiction over this case and proceeds to consider whether it will exercise jurisdiction.

The court finds that there is no pending parallel proceeding in this case. A pending parallel proceeding is "another proceeding…pending in a state court in which all matters in controversy between the parties could be fully adjudicated." *Reifer*, 751 F.3d at 137 n. 9 (*quoting Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). Plaintiff contends *Rush v. Erie Insurance Exchange*, 1443 EDA 2020 (Pa. Super. Ct. 2020) is a pending parallel case as *Rush* also concerns whether a car insurance policy's "regular use exclusion" violates the MVFRL. The court disagrees. Because none of the litigants in the instant case is a party to *Rush*, *Rush* cannot fully adjudicate the matters in controversy between the parties in the instant case. *See Westfield Ins. Co. v. Icon Legacy Custom Modular Homes and Icon*, No. 4:15–cv–00539 2015 WL 4602262, at *4 (M.D.Pa. July 30, 2015) (noting state action could not fully adjudicate matters in controversy between instant litigants because the plaintiff was not a party to the state action).

Furthermore, the *Reifer* factors weigh in favor of exercising this court's jurisdiction. Factor one favors federal jurisdiction as a declaration by this or a state court will resolve the uncertainty of obligation that gave rise to this controversy, and the instant case is already in federal court. *Accord Martin v. Zurich America*, No. 1:15-cv-02118, 2016 WL 3551481 (M.D.Pa. June 30, 2016) (weighing first factor in favor of federal jurisdiction where there was no

parallel state court case and a federal court decision would resolve the underlying dispute). Likewise, the second factor weighs in favor of federal jurisdiction as it would be more convenient for the parties, who are already before us and have been permitted to begin discovery, to resolve the dispute in this court. (Doc. 16).

Factors three and seven are neutral. Factor three is neutral as neither party here has identified a public interest at stake, and it does not appear to the court that there is a public interest in this matter. *See Sullo v. Nationwide Property and Casualty Insurance Co.*, No. 1:19-cv-00553, 2019 WL 3337059, at *3 (M.D.Pa. July 24, 2019) (finding public interest factor in an insurance coverage dispute neutral). Factor seven, which cautions against exercising jurisdiction when removal is mere procedural fending or forum shopping, is neutral as there does not appear to be any suggestion that removal here was driven by an improper motive.

Factors four, five, six, and eight are inapplicable here. The fourth factor does not impact the court's decision since there are no remedies other than to exercise federal jurisdiction or remand to state court. Factors five, six, and eight, which concern the potential for duplicative litigation or conflict of interest in state court, are inapplicable as there is no parallel state action.

Finally, the court disagrees with plaintiff's argument that this case involves unsettled state law. (Doc. 9 at 7). The Pennsylvania Supreme Court has held in *Williams v. GEICO Gov't Employees Ins. Co.*, 32 A.3d 1195 (Pa. 2011) that "regular use exclusions" are valid under the MVFRL and public policy. Accordingly, courts in the Third Circuit Court of Appeals have applied the analysis in *Williams* to cases turning on the enforceability of "regular use exclusions" in automobile insurance contracts. *See, e.g.*, *Barnhart v. Travelers Home and Marine Ins. Co.*, 417 F.Supp.3d 653, 657 (W.D.Pa. 2019); *Nationwide Affinity Ins. Co. of Am. v. Fong*, No. 19-2119, 2020 WL 2039720 (E.D.Pa. April 28, 2020).

As this case does not involve any pending parallel state court proceedings and the *Reifer* factors also weigh in favor of exercising federal jurisdiction, this court will exercise its jurisdiction over this case and consider the defendant's partial motion to dismiss.

### b. Defendant's partial motion to dismiss

Defendant moves to dismiss with prejudice plaintiff's bad faith claims pursuant to Fed.R.Civ.P.12(b)(6). (Doc. 3). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. *Id*. Dismissal is appropriate only if, upon accepting all facts alleged in the complaint as true, the plaintiff has failed to

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). The facts alleged must be more than speculative and "raise a reasonable expectation that discovery will reveal evidence" of the plaintiff's cause of action. *Twombly*, 550 U.S. at 547. Mere recital of the elements of a cause of action, supported by conclusory statements, does not meet the pleading standard. *Iqbal*, 556 U.S. at 678.

Defendant seeks dismissal of plaintiff's common law and statutory bad faith claims. (Doc. 1-8 at ¶¶34-47). Initially, there is no common law remedy in Pennsylvania for bad faith on the part of insurers. *UPMC Health System. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 505 (3d Cir. 2004) (*citing D'Ambrosio v. Pa. Nat'l Mutual Cas. Ins. Co.*, 431 A.2d 966, 970 (Pa. 1981)). Moreover, Pennsylvania courts have consistently held that because "the common law duty of good faith and fair dealing is implied in every contract," a plaintiff cannot bring a common law bad faith claim in addition to a separate breach of contract claim. *See Pommells v. State Farm Ins.*, No. 18-5143, 2019 WL 2339992, at *6 (E.D.Pa. June 3, 2019) (*quoting Tubman v. USAA*

*Cas. Ins. Co.*, 943 F.Supp.2d 525, 529 (E.D.Pa. April 30, 2013)). Here, plaintiff seeks relief for breach of contract in addition to common law bad faith. (Doc. 1-8 at ¶¶ 24-43). Because plaintiff's common law bad faith claim is subsumed within his breach of contract claim, the former is dismissed with prejudice.

Turning to the statutory bad faith claim, Pennsylvania law permits an insured party to receive relief if the insurer acts in bad faith towards the insured party. 42 Pa. Cons. Stat. §8371. The relevant statute states:

In an action arising under an insurance policy, if the [C]ourt finds that the insurer has acted in bad faith toward the insured, the [C]ourt may take all of the following actions:

(1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

(2) Award punitive damages against the insurer.

(3) Assess court costs and attorney fees against the insurer.

*Id*. To prevail on a bad faith claim pursuant to 42 Pa C.S. §8371, "the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable

basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). (*citing Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)). Proof of the insurer's "knowledge or reckless disregard for its lack of reasonable basis in denying the claim" is sufficient for demonstrating bad faith under the second prong. *Id.* at 377. "Failing to plead explanations or descriptions of what an insurer actually did, or why they did it, is fatal to a bad faith claim." *Sherman v. State Farm Ins. Co.*, No. 17-cv-4822, 2017 WL 5559911, at *2 (E.D. Pa. Nov. 17, 2017) (*citing Myers v. State Farm Mut. Auto. Ins. Co.*, No. 17-cv-3509, 2017 WL 3891968, at *3 (E.D. Pa. Sept. 6, 2017)).

Here, plaintiff failed to plead sufficient facts to support a plausible inference that defendant acted in bad faith.[3] First, a review of the complaint reveals that statements made at Paragraphs 40(a), 40(g), 40(i)-(q) and 40(r)-(u) are purely conclusory statements, comprising of boiler-plate language that courts have deemed insufficient to support a bad faith claim. *See, e.g., Rosenthal v. American States Ins. Co.*, No. 1:18-cv-01755, 2019 WL

---

[3] The court notes that plaintiff's complaint does not directly present factual pleadings relating to the statutory bad faith claim (Doc. 1-8 at ¶¶45-47). It appears that plaintiff intended to incorporate by reference his common law bad faith pleadings in Count II of the complaint to the statutory bad faith claim in Count III. (Doc. 1-8 at ¶¶40, 45). In the interest of efficiency, this court will consider plaintiff's pleadings for the bad faith claim under common law to be also alleged for the bad faith claim under Pennsylvania statute.

1354141, at *4 (M.D.Pa. March 26, 2019); *Moran v. United Servs. Auto. Ass'n*, 18-cv-2085, 2018 WL 6524385, at *3-4 (M.D. Pa. Dec. 12, 2018); *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D.Pa. Nov. 6, 2018). Similarly, plaintiff's assertion in Paragraph 40(h) that defendant was "[c]onspiring with EMCC Insurance Company and/or their agents, employees and servants to deny Plaintiff underinsured motorist benefits" is insufficient without further explanation of what the defendant did to commit the alleged conspiracy. *See Sherman*, 2017 WL 5559911, at *2 ("We cannot measure the reasonableness of the insurer's conduct absent facts. Legal conclusions are insufficient.").

Plaintiff's allegations in Paragraphs 40(b)-(c) and 40(e) regarding the fairness and timeliness of defendant's evaluation of plaintiff's claim are also conclusory without further factual support as to why plaintiff's evaluation was unreasonable. *See Moran*, 2018 WL 6524385, at *3 (finding defendant's alleged failure to "promptly and reasonably respond to plaintiff's demands" and "effectuate a prompt, fair and equitable settlement" do not support an inference of bad faith without additional facts); *see also Meyers v. Protective Ins. Co.*, No. 3:16-CV-01821, 2017 WL 386644 (M.D.Pa. Jan. 17, 2017) ("an allegation that a claim was not timely paid and investigated […], in and of itself does not prove bad faith"). Likewise, plaintiff's claim in Paragraph 40(d)

that defendant failed to offer "fair and reasonable amount of underinsured motorist benefits" cannot by itself constitute evidence of bad faith because subjective belief as to the value of a claim may reasonably differ. (Doc. 1-8 at ¶40(d)). *See Meyers*, 2017 WL 386644, at *4; *see also Pfister v. State Farm Fire & Cas. Co.*, No. 11-799, 2011 WL 3163184, at *4 (W.D. Pa. July 26, 2011) (finding that a difference in litigants' valuation of a claim not evidence of bad faith).

Finally, plaintiff's allegation in Paragraph 40(f) that defendant discriminated against plaintiff by "paying claims of extremely similar situated insureds including a claim made by Mary Barnhart for a July 15, 2015 collision" is insufficient to sustain a claim of bad faith without further allegations to support plaintiff's claim of discriminatory treatment. (Doc. 1-8 at ¶40(f)). Accordingly, plaintiff's statutory bad faith claim will be dismissed for failure to state a claim upon which relief can be granted, without prejudice to plaintiff's right to file an amended complaint that cures the deficiencies identified.

## IV.     Conclusion

Plaintiff's motion to remand (Doc. 8) is denied and defendant's partial motion to dismiss is granted. (Doc. 3). Plaintiff's common law bad faith claim is dismissed with prejudice. Plaintiff's statutory bad faith claim is dismissed without prejudice. A separate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 5, 2021**
20-1833-01