**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **ALAN DAYTON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:20-cv-1833** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT,** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

**<u>MEMORANDUM</u>**

The sole issue in this motion for summary judgment is whether a "regular use" exclusion provision in a motor vehicle insurance policy is unenforceable as contrary to Pennsylvania law.

Alan Dayton was injured in a collision while driving his employer's truck. The payments he received from the other driver's and his employer's insurers did not fully cover his injuries, but his insurer denied additional underinsured motorist coverage for the accident based on this "regular use" provision, which excludes from coverage injuries sustained while occupying a non-insured vehicle available for the insured's regular use. There is no dispute that this exclusion would apply here, but Dayton argues that it violates Pennsylvania law and is therefore invalid.

## I.    BACKGROUND

In August 2016, Plaintiff Alan Dayton was driving a Ford F-150 his employer provided for his use. (Doc. 24 ¶¶1, 4; Doc. 27 ¶1). He was struck by another vehicle and injured. (Id.).

The F-150 was insured by Employers Mutual Casualty Insurance Company ("EMC"). (Doc. 24 ¶3; Doc. 27 ¶3). Plaintiff received payment from the other driver's insurance company and from EMC. (Doc. 26 at 3–4). He also submitted a claim to Defendant for underinsured motorist ("UIM") coverage benefits. (Doc. 24 ¶9; Doc. 27 ¶9).

In effect at the time was an automobile insurance policy issued by Defendant to Plaintiff (the "Policy"). (Doc. 24 ¶6; Doc. 27 ¶6). The Policy listed three vehicles, but not the F-150. (Doc. 24 ¶7; Doc. 27 ¶7). It provided uninsured and underinsured motorists bodily injury coverage. (Doc. 24-1 at 2). The Policy excluded from such coverage any:

> "bodily injury" sustained:
> 1. By you while "occupying" or when struck by, any motor vehicle that you own or that is furnished or available for your regular use which is not insured for this coverage under this policy.

(Doc. 24-1 at 29; Doc. 24 ¶10; Doc. 27 ¶10). The court hereinafter refers to this provision as the Regular Use Exclusion.

Defendant denied Plaintiff's UIM claim based on the Regular Use Exclusion. (Doc. 24 ¶11; Doc. 27 ¶11). Plaintiff then filed a complaint against Defendant in the Lackawanna County Court of Common Pleas, bringing breach of contract, common law bad faith, and statutory bad faith claims. (Doc. 1-8). Defendant removed the case to this court. (Doc. 1). Because the parties are citizens of different states (Plaintiff of Pennsylvania and Defendant of Connecticut) and Plaintiff seeks an award in excess of $75,000, (Doc. 1; Doc. 1-8), this court has jurisdiction pursuant to 28 U.S.C. §1332.

The court denied Plaintiff's motion to remand and granted Defendant's partial motion to dismiss, dismissing Plaintiff's bad faith claims. (Doc. 21). Defendant then filed the instant motion for summary judgment. (Doc. 23). Following the parties' briefing, which discussed the Pennsylvania Superior Court's decision in *Rush v. Erie Ins. Exch.*, 265 A.3d 794 (Pa. Super. Ct. 2021), for which Pennsylvania Supreme Court had granted allowance of appeal, 281 A.3d 298 (Pa. 2022), the court ordered this matter stayed pending the decision in *Rush*. (Doc. 33).

The Pennsylvania Supreme Court issued a decision in *Rush* on January 29, 2024. 308 A.3d 780 (Pa. 2024). The stay was then lifted, (Doc. 39), and each party filed a supplemental brief addressing this decision. (Doc. 42; Doc. 43).

- 3 -

## II.    LEGAL STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, there is no genuine dispute as to any material fact. The outcome turns instead on a single legal question: Is the Regular Use Exclusion invalid?

As the parties agree, Pennsylvania substantive law governs Plaintiff's state-law claims. *See Nationwide Mut. Ins. Co. v. Buffetta*, 230 F.3d 634, 637 (3d Cir. 2000). In interpreting Pennsylvania law, the court "treat[s] Pennsylvania Supreme Court opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009). If a precise issue has not been addressed by a reported decision of the Pennsylvania Supreme Court, the district court must predict how that court would decide it. *Buffetta*, 230 F.3d at 637.

## III.    DISCUSSION

Plaintiff maintains that the Regular Use Exclusion is contrary to Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 45

Pa. Cons. Stat. §§1701–1799.7, and "therefore invalid and unenforceable." (Doc. 26 at 5).

The MVFRL "is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." *Rush v. Erie Ins. Exch.*, 308 A.3d 780, 790 (Pa. 2024). Its provisions "pertaining to the required scope of coverage and content of automobile insurance policies, and benefits payable thereunder, impose mandatory obligations applicable to all automobile insurance providers" in Pennsylvania. *Id.*

Two legally mandated features of motor vehicle insurance coverage are at particular issue in this case. The first is "underinsured motorist" ("UIM") coverage, which is "designed to protect the insured … from the risk that a negligent driver of another vehicle will cause injury to the insured … and will have inadequate coverage to compensate for the injuries caused by his negligence." *Id.* at 782 (internal quotations omitted). The second is "stacking," which "refers to the practice of combining the insurance coverage of individual vehicles to increase the amount of total coverage available to an insured." *Gallagher v. GEICO Indemnity Co.*, 201 A.3d 600, 603 n.1 (Pa. 2019).

The MVFRL requires that UIM coverage be offered in any insurance policy. 75 Pa. Cons. Stat. §1731(a), (c). Purchase is optional, but the insured must reject such coverage by signing a waiver prescribed by law. *Id.* §1731(a), (c), (c.1). And any policy providing UIM coverage must operate by stacking unless the insured rejects stacked limits by signing a waiver. *Id.* §1738(a), (b), (d)(2).

"[I]nsurance contract provisions are invalid and unenforceable if they conflict with statutory mandates." *Rush*, 308 A.3d at 790. Plaintiff in his brief in opposition does not specify which provision of the MVFRL the Regular Use Exclusion violates, but he relies primarily on the decisions in *Rush v. Erie Insurance Exch.*, 265 A.3d 794 (Pa. Super. Ct. 2021) and *Evanina v. First Liberty Ins. Corp.*, 587 F. Supp. 3d 202 (M.D. Pa. 2022) (Mannion, J.). (Doc. 26 at 6–8).

**A. The Pennsylvania Superior Court held that a regular use exclusion violates the MVFRL, and this court predicted that the Pennsylvania Supreme Court would too.**

In *Rush*, a police detective "suffered serious injuries when two other drivers crashed into his police car." 265 A.3d at 795. He had two policies through Erie insuring three personal automobiles, but he did not own or insure the police car. *Id*. Both the Erie policies included regular use exclusion clauses like that here. *Id.* Erie denied coverage based on the exclusion, the detective brought a declaratory judgment action, and the trial court held that the regular use exclusion violated the MVFRL. *Id.* The Superior Court affirmed, reasoning as follows:

> The "regular use" exclusion in the Erie Policies limits the scope of UIM coverage required by Section 1731 [of the MVFRL, 75 Pa. Cons. Stat. §1731] by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own. This exclusion conflicts with the broad language of Section 1731(c), which requires UIM coverage in those situations where an insured is injured arising out of the "use of **a** motor vehicle."

265 A.3d at 797.

*Evanina* was an action removed to this court by the defendant insurance company, who had denied coverage under a regular use exclusion for injuries sustained by the plaintiff while driving a vehicle owned and insured by her employer. 587 F. Supp. 3d at 203–04. The plaintiff there

argued that the regular use exclusion violated Section 1738 of the MVFRL and was void as against public policy. (Case No. 3:20-cv-751, Doc. 42).

The court observed that the Pennsylvania Supreme Court had not "definitively resolved" the question "whether the regular use exclusion is contrary to the provisions of the MVFRL and therefore invalid and unenforceable," and that it was thus required to predict how the Court would rule. *Evanina*, 587 F. Supp. 3d at 208. Relying on the Superior Court's decision in *Rush* and a series of decisions holding other insurance contract provisions unenforceable as violative of the MVFRL,[1] the court predicted that the Pennsylvania Supreme Court would "find that the regular use exclusion is contrary to the unambiguous provisions of the MVFRL and therefore invalid and unenforceable, as it did with the household vehicle exclusion." *Id.* at 208–09.

---

[1] *See Gallagher v. GEICO Indemnity Co.*, 201 A.3d 131, 138 (Pa. 2019) (household vehicle exclusion); *Sayles v. Allstate Ins. Co.*, 219 A.3d 1110 (Pa. 2019) (provision requiring "an insured seeking first-party medical benefits under the policy to submit to an independent medical exam whenever the insured requires and with a doctor selected by the insurer"); *Donovan v. State Farm Mut. Auto. Ins. Co.*, 256 A.3d 1145 (Pa. 2021) (household vehicle exclusion).

**B. The Pennsylvania Supreme Court reversed the Superior Court. Defendant says this decision controls; Plaintiff says not entirely.**

The Superior Court's decision in *Rush* has now been reversed. 308 A.3d 780, 802. The parties disagree on whether the Pennsylvania Supreme Court's decision in *Rush* controls here. (See Doc. 42; Doc. 43).

The Pennsylvania Supreme Court granted appeal in *Rush* to address the issue whether the Superior Court's decision was in conflict with *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204 (Pa. 2002) and *Williams v. GEICO Gov't Emps. Ins. Co.*, 32 A.3d 1195 (Pa. 2011) and whether it erred by finding that the regular use exclusion violates the MVRFL. 281 A.3d 298.

Justices Donohue, Todd, and Dougherty joined the opinion of the court, and Justice Wecht concurred in the result. 308 A.3d at 802. Justices Mundy, Brobson, and McCaffery did not participate in the decision.[2] *Id.* Plaintiff contends that the lead opinion is a plurality opinion and thus non-binding. (Doc. 42 at 2 n.3). Not so. This opinion was joined by three of four participating Justices; it is thus a majority opinion. *See Rush*, 308 A.3d at

---

[2] The case was argued on May 23, 2023 and Justice McCaffery was sworn in on January 11, 2024. https://www.pacourts.us/news-and-statistics/news/news-detail/1164/the-honorable-daniel-d-mccaffery-sworn-in-as-newest-justice-of-the-supreme-court-of-pennsylvania.

803–11 (Wecht, J., concurring) (referring to the "Majority" opinion); *Commonwealth v. Mason*, 322 A.2d 357, 358 (Pa. 1974).

Disagreement over *Rush*'s application to this case stems from the distinction between two separate theories: (1) that the Regular Use Exclusion violates §1731 of the MVFRL and (2) that it violates §1738 of the MVFRL.

There appears to be no dispute that four Justices agreed that the Superior Court erred in holding that the regular use exclusion violated §1731. *See Rush*, 308 A.3d 780, 811 (Wecht, J., concurring) ("I emphasize that the Majority's decision today is fairly narrow. The decision merely holds that the Superior Court's interpretation of Section 1731 was incorrect. The Majority does not meaningfully address the trial court's conclusion that Erie's regular-use exclusions violate Section 1738 of the MVFRL under the reasoning of *Gallagher*."). Therefore, Plaintiff now focuses narrowly on the argument that the Regular Use Exclusion violates §1738. (Doc. 43).

> **i.    The Majority concluded that the MVFRL does not make UIM coverage universally portable, and that regular use exclusions thus do not violate §1731.**

The *Rush* Majority characterized the Superior Court's decision as standing "for the proposition that UIM coverage is universally portable." 308 A.3d 780, 796. "In other words, by finding that UIM coverage is mandatory in virtually all instances, absent an insured's voluntary waiver of such coverage, the coverage would necessarily have to follow the person." *Id.* The Majority read *Burstein* and *Williams* as "holding that UIM coverage is not universally portable," and thus found that those decisions "resolved the issue presented in this appeal." *Id.* at 797, 802; *see also id.* at 801 ("Once it is decided that UIM coverage is not universally portable … any argument that Section 1731 prohibits exclusions from coverage in the insurance contract must fail.").

> **ii.   The concurring Justice concluded that the Superior Court misinterpreted §1731.**

Justice Wecht disagreed with the Majority's conclusion that *Burstein* controlled the appeal. *Rush*, 308 A.3d 780, 803, 809 (Wecht, J., concurring). He viewed *Burstein* as a "public policy decision," ("where we rejected the argument that there exists some nebulous 'public policy' favoring 'universal portability of … UIM coverage'"), and the Superior Court's decision as a "plain language" one. *Id.* at 809. *Burstein*, Justice Wecht opined, did not

"necessarily reject[] every conceivable plain language argument that would result in all … UIM exclusions being unenforceable." *Id.* at 809.

Justice Wecht agreed with the Majority, though, "that the Superior Court's statutory interpretation bases far too much upon far too little." *Id.* at 808–09. He reasoned that "it is not realistic to suggest that the General Assembly intended to ban all … UIM exclusions when it used the phrase 'use of **a** motor vehicle.'" *Id.* at 809. Justice Wecht further "emphasize[d] that the Majority's decision … is fairly narrow":

> The decision merely holds that the Superior Court's interpretation of Section 1731 was incorrect. The Majority does not meaningfully address the trial court's conclusion that Erie's regular-use exclusions violate Section 1738 of the MVFRL under the reasoning of *Gallagher*.

308 A.3d at 811.

### C. *Rush* did not decide whether regular use exclusions violate Section 1738.

It bears repeating here that the Superior Court's conclusion in *Rush* that the regular use exclusion there was unenforceable was based on §1731. *See* 265 A.3d at 797–98. Although the Supreme Court's Majority opinion reversing that decision at times reads broadly, this court agrees with Justice Wecht that the Majority did not "meaningfully address" the argument that regular use exclusions violate §1738, as discussed *infra* Section III.C.iii.

### i. *Gallagher* held a household vehicle exclusion unenforceable as violative of Section 1738.

Plaintiff's Section 1738 argument is premised on *Gallager v. GEICO Indemnity Co.*, 201 A.3d 131 (Pa. 2019). (See Doc. 43).

The plaintiff in *Gallagher* had two insurance policies with GEICO; one insuring his motorcycle and one insuring two automobiles. 201 A.3d at 133. He opted for stacked UIM coverage on both policies. *Id.* He was involved in a crash while driving his motorcycle and suffered injuries. *Id.* at 132. While GEICO paid him the UIM coverage policy limit for his motorcycle policy, it denied him stacked benefits under his automobile policy, based on a "household exclusion" provision in that policy. *Id.* at 133. That provision excluded coverage for "bodily injury while occupying or from being struck by a vehicle owned or leased by you or a relative that is not insured for [UIM] Coverage under this policy." *Id.* In the ensuing litigation, the plaintiff argued that the household exclusion violated §1738 of the MVFRL. *Id.* at 135–36.

The Pennsylvania Supreme Court observed that, pursuant to §1738, stacked UIM coverage is the "default coverage" and an insured's waiver of such coverage requires completion of a statutorily-prescribed form. *Id.* at

137.[3] The plaintiff there had not signed that statutorily-prescribed waiver of stacked UIM coverage. *Id.* at 138. And it was undisputed that, but for the household exclusion provision, §1738 would have entitled him to stack his automobile policy UIM coverage atop his motorcycle policy UIM coverage. *Id.* The court reasoned that the household exclusion provision was "inconsistent with the unambiguous requirements of Section 1738 of the MVFRL under the facts of this case insomuch as it acts as a *de facto* waiver of stacked UIM coverage provided for in the MVFRL." *Id.* It therefore held the exclusion unenforceable. *Id.*

### ii. *Mione* clarified the scope of *Gallagher*'s holding

A few years after *Gallagher*, another household exclusion provision was challenged as violative of §1738. The plaintiff in *Erie Ins. Exch. v. Mione*, 289 A.3d 524, 525 (Pa. 2023), was also involved in a motorcycle crash. His motorcycle was insured by one company, under a policy on which he had

---

[3] It should be noted here that the "default" stacked coverage includes both *inter*-policy stacking and *intra*-policy stacking. *See* 75 Pa. Cons. Stat. §1738(a) ("When more than one vehicle is insured under one or more than one policies providing … underinsured motor coverage, the stated limit for … underinsured coverage shall apply separately to each vehicle so insured."); *Craley v. State Farm Fire & Cas. Co.*, 895 A.2d 530, 539 (Pa. 2006); *Donovan v. State Farm Mut. Auto. Ins. Co.*, No. 19-2733, 2022 WL 473025 (3d Cir. Feb. 16, 2022) ("There are two types of stacking. Intra-policy stacking is the aggregation of the coverage limits on multiple vehicles covered under a single policy …. [I]nter-policy stacking is the aggregation of coverage limits for vehicles insured under separate policies.").

waived UIM coverage, and his car was insured by another company under a policy that did include UIM coverage with stacking. *Id.* Like the policy in *Gallagher*, the plaintiff's automobile policy included a household exclusion provision, on which basis his insurer denied UIM coverage for the motorcycle accident. *Id.* at 526.

The Pennsylvania Supreme Court distinguished *Gallagher* by noting that the plaintiff in *Mione* was not attempting to stack coverage (for he had *waived* UIM coverage in his motorcycle policy); rather, his theory was that the automobile policy could provide UIM coverage "*in the first instance.*" *Id.* at 530. The high court reasoned that the exclusion provision did not conflict with §1738 because it did not "act as [a] *de facto* waiver[] of *stacking*," like the provision in *Gallagher* did. *Id.* ("In other words, because the Miones are not attempting to stack UIM benefits from the household policies on top of UIM benefits from the motorcycle policy, Section 1738's rules for waiving stacking—which were the basis for this Court's decision in *Gallagher*—are simply not implicated.").

The court "reiterate[]d … that the holding in *Gallagher* was based upon the unique facts … in that case, and that the decision there should be construed narrowly." *Id.* at 530. It further "reject[ed] the view that household vehicle exclusions are *ipso facto unenforceable*," and explained that

*Gallagher* "simply held that a household vehicle exclusion cannot conflict with Section 1738 by purporting to take away coverage that the law says is mandatory unless waived using a specific form." *Id.* at 531–32.

> ### iii. *Rush* concluded that *Gallagher* did not control and that there was no need to address the claim that the regular use exclusion violated §1738.

*Rush* noted that the insureds there had read *Gallagher* to invalidate all household exclusions as conflicting with the MVFRL. 308 A.3d at 799. They had thus argued that, under the same reasoning, regular use exclusions were invalid as taking away UIM coverage without a proper waiver. *Id.* But the court observed that *Mione* had subsequently upheld the validity of a household exclusion and "implicit[ly] reject[ed] the notion that UIM coverage is universally portable and not susceptible to exclusions from coverage." *Id.* The court therefore concluded that "the Insureds' argument and some federal courts' predictions that *Gallagher* controls the enforceability of the 'regular use' exclusion to UIM coverage conflates issues surrounding stacked UIM coverage under Section 1738 with the issue of portability of UIM coverage arising under Section 1731." *Id.* at 799–800 (citing *Evanina*, 587 F. Supp. 3d at 209).

Importantly, the Pennsylvania Supreme Court noted that the insureds' "final statutory argument" there was "that the 'regular use' exclusion violates

Section 1738 of the MVFRL." *Id.* at 802 n.30. The court concluded that because the facts of the case did "not implicate stacking of coverage," there was no need to address that claim.

### D. The Pennsylvania Supreme Court would conclude that the Regular Use Exclusion here does not violate §1738.

Given that the Pennsylvania Supreme Court in *Rush* expressly declined to address the argument that the regular use exclusion there violated §1738, which is the sole argument pressed by Plaintiff now, (Doc. 43), *Rush* does not resolve this case entirely. But *Mione* demonstrates how the Pennsylvania Supreme Court would decide the precise issue presented here.

Recall that in *Gallagher*, the plaintiff would have been entitled to stacking if not for the household exclusion. 201 A.3d at 137–38. That is, he received UIM coverage through his motorcycle policy, and he would have also received stacked UIM coverage through his automobile policy if the household exclusion did not preclude it. *Id.* That exclusion thus had the effect of removing stacked coverage though the insured had not waived stacking; it therefore violated §1738. *Id.* at 138.

The plaintiff in *Mione*, by contrast, did not have UIM coverage under his motorcycle policy (because he had waived it). 289 A.3d at 525 & n.1. So the household exclusion there did not act as a "*de facto* wavier[] of *stacking*,"

- 17 -

because there could have been no inter-policy stacking at all—the insured was entitled to no UIM coverage through his motorcycle policy in the first place. *Id.* at 530. The provision excluded UIM coverage for damages sustained while operating an unlisted vehicle, but did *not* operate in that case to deprive the plaintiff of *stacked* coverage. *Id.* As the high court explained, "[i]n cases where the exclusion does not interfere with the insured's ability to stack UM/UIM coverage, *Gallagher*'s *de facto* waiver rationale is not applicable." *Id.* at 532.

Plaintiff submits that the Regular Use Exclusion, like the household exclusion in *Gallagher*, operates as an impermissible *de facto* waiver of stacking. (Doc. 43 at 8). He does not attempt to reconcile this argument with *Mione* or explain how the exclusion here interferes with his ability to stack coverage.

Plaintiff's employer insured the F-150 involved in the accident through EMC. (Doc. 24 ¶3; Doc. 27 ¶3). Plaintiff received UIM coverage through the EMC policy. (Doc. 26 at 4).

Section 1738 mandates stacking of "the limits for each motor vehicle as to which the inured person is an insured." 75 Pa. Cons. Stat. §1738(a). An "insured" is "an individual identified by name as an insured in a policy of motor vehicle liability insurance," or a spouse, relative, or minor in the

- 18 -

custody of such individual. 75 Pa. Const. Stat. §1702; *see also Generette v. Donegal Mut. Ins. Co.*, 957 A.2d 1180, 1190 (Pa. 2008) (concluding that "the stacking waiver" in §1738 applies "only to 'insureds' as defined by" §1702).

There is no dispute that Plaintiff was not the named insured on the EMC policy. (Doc. 27 ¶3 ("The policy … was … issued to D&M Bumper Exchange as the named insured.")).[4] Therefore, §1738 does not entitle Plaintiff to stack his personal automobile UIM coverage limits on top of the EMC policy coverage. So the Regular Use Exclusion here does nothing to interfere with his ability to stack UIM coverage, and it thus cannot be violative of §1738. The court is thus compelled to predict that, in keeping with *Mione*, the Pennsylvania Supreme Court would conclude that enforcement of the Regular Use Exclusion here does not violate §1738.

## IV.   CONCLUSION

Plaintiff opposes summary judgment on the sole ground that the Regular Use Exclusion, on which basis Defendant denied him coverage, is invalid and unenforceable. (Doc. 26). This argument rests on the Pennsylvania Superior Court's decision in *Rush*, 265 A.3d 794, and this

---

[4] Plaintiff submitted a copy of this policy in connection with his action against EMC. (Case No. 3:20-cv-2416, Doc. 22-1 at 23–34). The policy names D&M Bumper Exchange as the insured. (Id. at 23).

court's prediction in *Evanina*, 587 F. Supp. 3d 202 (which was based on *Rush* and *Gallagher*).

A majority of the Pennsylvania Supreme Court in *Rush* has now reversed the Superior Court's decision and concluded that regular use exclusions do not violate §1731 of the MVFRL. Plaintiff also maintains, based on *Evanina* and *Gallagher*, that the Regular Use Exclusion violates §1738. But *Mione*, which was decided after *Evanina* and clarified the scope of *Gallager*, dictates the prediction that the Pennsylvania Supreme Court would conclude that a regular use exclusion which does not deprive an insured of stacked UIM coverage does not violate §1738. Because Plaintiff has no policy on which §1738 would require stacking of the UIM coverage provided in his Policy with Defendant, the Policy's Regular Use Exclusion does not deprive him of stacked coverage and so does not violate §1738. Therefore, Plaintiff's arguments that the Regular Use Exclusion violates the MVFRL must be rejected. Accordingly, that exclusion must be enforced, and Defendant is entitled to summary judgment. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 23, 2024**
20-1833-02

- 20 -